1  MARK A. PILOTIN
   Regional Solicitor
2  BORIS ORLOV (Cal. Bar. 223532)
   Counsel for Wage and Hour
3  Office of the Solicitor
   United States Department of Labor
4  350 S. Figueroa Street, Suite 370
   Los Angeles, California 90071
5  Telephone: (213) 894-5410
6  Facsimile: (213) 894-2064
7  Email: orlov.boris@dol.gov

8  Attorneys for Plaintiff Secretary of Labor

9                UNITED STATES DISTRICT COURT
10          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12 MARTIN J. WALSH, SECRETARY OF
   LABOR, UNITED STATES DEPARTMENT        Case No.: 3:22-cv-00265-JO-BGS
13 OF LABOR,

14           Plaintiff,

15                                         [PROPOSED] CONSENT
   COLMOL, INC., DBA KING GRAPHICS and     JUDGMENT AND
16 SEAN P. MUNDY, individual.              ORDER

17           Defendants.

18

19

20      Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor

21 ("Secretary"), and Defendants Colmol, Inc., dba King Graphics ("King Graphics") and

22 Sean P. Mundy ("Defendants"), have agreed to resolve the matters in controversy in this

23 civil action and consent to the entry of this Consent Judgment in accordance herewith:

24      A.      The Secretary filed a Complaint in the above-captioned proceeding naming

25 Defendants and alleging they violated provisions of sections 6, 7, 11(c), 15(a)(1),

26 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"),

27 29 U.S.C. §§ 206, 207, 211(c), 215(a)(1), 215(a)(2) and 15(a)(5).

28      B.      Defendants have retained defense counsel and acknowledge receipt of a

   CONSENT JUDGMENT

                                                                                      1

1 copy of the Secretary's Complaint in this action.

2       C.    Defendants waive issuance and service of process of the Summons and

3 Complaint, and waive their response to the Secretary's Complaint.

4       D.    The Secretary conducted an investigation of Defendants pursuant to the

5 FLSA covering the period of September 15, 2018, through September 15, 2021. The

6 parties have agreed to settle and resolve all alleged FLSA violations attributable to

7 Defendants through this Consent Judgment.

8       E.    The Parties agree to waive findings of fact and conclusions of law and agree

9 to the entry of this Consent Judgment without further contest.

10       F.    Defendants admit that the Court has jurisdiction over the parties and subject

11 matter of this civil action and that venue lies in the Southern District of California.

12 **FACTUAL BACKGROUND**

13 Defendant King Graphics is a garment contractor that during the relevant period

14 performed silk screening and printing for garment manufactures.

15       D.    Defendant Sean P. Mundy is the Chief Executive Officer, President and 100

16 percent owner of the corporate defendant and primarily responsible for its operation.

17       E.    Under the FLSA's "Hot Goods" provision, 29 U.S.C. § 215(a)(1), all

18 persons are prohibited from introducing into commerce goods that have been worked on

19 by employees who were not paid the wages required under the FLSA.

20       F.    Following an investigation, on or about 9/15/2021, Wage and Hour

21 investigators notified Defendants that garments made by Defendants were hot goods and

22 that the Secretary objected to shipment of the goods made into interstate commerce.

23 Defendants agreed to refrain for shipping or selling these goods. On or about 9/17/2021,

24 Defendants tendered sufficient funds to Wage and Hour to lift the objection to shipping

25 and selling these goods.

26

27      **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to

28

1 Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants,
2 employees, successor companies, parties in interest, and all persons and entities acting at
3 its direction or in concert or participation with it, are permanently enjoined and
4 restrained from violating the FLSA, including through any of the following manners:

5     1.    Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any of
6 their employees who in any workweek are engaged in commerce or in the production of
7 goods for commerce or who are employed in an enterprise engaged in commerce within
8 the meaning of the FLSA § 3(s), wages at a rate less than the operative minimum wage,
9 which cannot be less than $7.25 per hour (or at a rate less than such other applicable
10 minimum rate as may hereafter be established by amendment to the FLSA).

11     2.    Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any
12 employee who in any workweek is engaged in commerce, within the meaning of the
13 FLSA, or is employed in an enterprise engaged in commerce or in the production of
14 goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than
15 40 hours unless such employee receives compensation for his or her employment in
16 excess of 40 hours in such workweek at a rate not less than one and one-half times the
17 regular rate at which he or she is employed.

18     3.    Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1),
19 transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or
20 sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is
21 intended) goods in the production of which any employee (of the Defendants or other(s))
22 has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or
23 overtime pay provisions (29 U.S.C. § 207).

24     4.    Defendants shall not fail to make, keep, make available to authorized agents
25 of the Secretary for inspection, transcription, and/or copying, upon their demand for such
26 access, and preserve records of employees and of the wages, hours, and other conditions
27 and practices of employment maintained, as prescribed by regulations issued, and from
28

CONSENT JUDGMENT

1   time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and

2   215(a)(5) and the implementing regulations found in Title 29, Code of Federal

3   Regulations, Part 516.

4        5.    Defendants, jointly and severally, shall not continue to withhold the

5   payment of $134,957.93 in minimum wage and overtime pay hereby found to be due by

6   the Defendants under the FLSA to employees, as a result of their employment by

7   Defendants during the period of September 15, 2018, through September 15, 2021

8   ("Back Wage Accrual Period").

9        **FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant Section 16(c) of

10   the FLSA, 29 U.S.C. § 216(c), in favor of the Secretary and against Defendant in the

11   amount of $269,915.86.  Pursuant to this Judgment, **IT IS HEREBY ORDERED**

12   **THAT**

13        6.    Defendant shall not withhold payment of $134,957.93 in back wages of

14   minimum wage and overtime pay hereby due under the FLSA and this Judgment, to

15   employees on Exhibit 1. In addition, liquidated damages in the amount of $134,957.93

16   are hereby due and will be paid under the FLSA by the Defendant to the employees on

17   Exhibit 1.

18        a.    Defendants shall satisfy paragraphs 5 and 6 of this judgment by delivering

19   the payment of no less than $269,915.86 on or before February 24, 2022, to the third

20   party administrator selected to administer the class settlement in the case of *Stephanie*

21   *Rodriguez v. Colmol, Inc., DBA King Graphics, a California Corporation* pending in the

22   Superior Court of the State of California For the County of San Diego, Case No 37-

23   2021-34563. If the Superior Court orders concerning approval of the State Court

24   settlement and directions to the third party administrator have not been made by the

25   Superior Court by February 24, 2022, Defendants shall tender the funds to the third party

26   administrator no later than two business days following the issuance of such orders.

27        b.    Defendants shall make arrangements with opposing counsel in the

28

CONSENT JUDGMENT

4

1   Superior Court action to ensure that the third party administrator is provided funds

2   sufficient to cover the employer's portion of payroll taxes on the $134,957.93 of wages

3   due under this judgment and that the amount for the employer's portion of payroll taxes

4   shall not come out of the amounts due under this judgment.

5       c.    Defendant will secure a term in the class settlement agreement that any

6   funds that the third party administrator is not able to distribute for any reason will be

7   turned over to the Secretary for distribution to employees. Further, if the class action

8   settlement is not approved for any reason by October 15, 2022, Defendants shall cause

9   the third party administrator to pay the amounts described in paragraphs 5 and 6 to the

10   Secretary to distribute to the employees or pay this amount directly if the settlement has

11   not been funded.

12   7.    The amount of $10,473.50[1] in civil money penalties is assessed against

13   Defendants and finally determined, pursuant to FLSA Section 16(e), 29 U.S.C. § 216(e).

14   8.    Within 30 days of the entry of this Judgment, Defendants shall hire an

15   independent third party monitor, acceptable to and approved by the Secretary, to monitor

16   compliance with the FLSA. The monitor shall not be considered independent if it represents

17   either the manufacturers or contractor involved in this action in any dealings with other parties

18   or the Department of Labor.

19       a. The monitoring program shall include the following components:

20           i.    Random and unannounced site visits to the Defendants, at least on a

21           quarterly basis;

22           ii.    Review of the Defendants' timecards and payroll records on at least a

23           quarterly basis;

24           iii.    Private and confidential interviews of at least 20% of the current

25

26   _____

27      [1] Defendants previously posted $10,473.50 with the Secretary to lift the objection

28   to the shipment of hot goods. This amount will be credited to the Defendants Civil Money Penalty Obligation.

CONSENT JUDGMENT

5

employees to determine the hours they work and the wages they are paid. The names of the employees who are interviewed shall not be disclosed to the Defendants. At least one half of the interviews shall be done off work premises;

iv. Disclosure to the Defendants of any FLSA compliance issues revealed by the monitoring without revealing the names of employees who provided the information;

v. Review of the Defendants garment registration to determine if they are operating under a valid garment registration;

vi. The Defendants shall not take any adverse action against any employee who cooperates with the monitor or who provides information about violations of the FLSA.

vii. The monitor shall produce written reports of its findings, which must address each of the subjects required under this paragraph. Defendants shall maintain these reports for a period of three years and supply copies to representatives of the Secretary of Labor upon their request.

viii. Defendants shall produce copies of these monitoring reports to all domestic manufacturers and retailers to which Defendants provide goods within ten (10) calendar days of their receipt. Defendants shall also maintain a record of its submission of these monitoring reports to their manufacturers and retailers, and produce this record to representatives of the Secretary of Labor upon their request. Defendants shall also produce a copy of these monitoring reports to Wage and Hour Division Regional Garment Coordinator Hester Smith at Smith.Hester@dol.gov.

ix. Where the monitor identifies FLSA wage violations, Defendants shall ensure that the violations are corrected and the employees receive their proper pay in the next regularly scheduled payroll. Defendants

CONSENT JUDGMENT

1    have thirty business days after learning of the violation to correct any
2    other FLSA violations. Defendants shall notify the Department of
3    Labor when such violations are found and the corrective measures
4    taken. Defendants shall send a letter to the Wage and Hour Division
5    Regional Garment Coordinator Hester Smith at
6    Smith.Hester@dol.gov identifying the violations, the backwages that
7    were paid and with copies of the documentation showing the
8    payments made to employees at the time payment was made. This
9    letter should be sent as soon as possible after the violation has been
10    corrected, but in no event shall it be sent later than 10 business days
11    after making the correction.

12    x.  Defendants shall not enter into any agreement with any material
13    contractor or provide any work to that contractor until that contractor
14    has been monitored and Defendants have grounds for believing that
15    the contractor is and will continue to pay its employees in compliance
16    with the FLSA. Defendants must document their basis for their belief
17    of the contractor's future compliance prior to providing any work to
18    the contractor. Further, Defendants shall not contract with or provide
19    work to any contractor who was not monitored in at least the prior
20    quarter.  A "material contractor" or "material garment contractor" is a
21    contractor with an annual volume of business with King Graphics
22    exceeding $75,000.

23    9.  Defendants shall require all material garment contractors with whom they do
24 business to maintain true and accurate time and payroll records and produce copies of
25 them to the Defendant's monitor on a regular basis as follows:

26    a. Those contractors must maintain true and accurate time and payroll records
27 that include all of the employees who perform work for it, regardless of
28 whether they are paid in cash or by check;

CONSENT JUDGMENT

1         b. Those contractors must maintain at least two years' worth of all
2  time and payroll records, including supporting documentation, on the premises of
3  the contractors' establishments. Supporting documentation includes, for employees
4  paid on a piece rate basis, the piece tickets on which the employee pay is
5  based, and cash pay records for employees paid in cash;

6       c.    Defendants shall obtain written confirmation from all of their material
7  garment contractors that they are maintaining the time and payroll records required by
8  this paragraph at their establishment and shall produce these records to representatives of
9  the Department of Labor upon their request;

10     10.    Defendants must produce a list of their garment contractors and their
11  addresses on a quarterly basis to U.S. Department of Labor, Wage and Hour Division
12  Regional Garment Coordinator Hester Smith at Smith.Hester@dol.gov.

13     11.    To assess the contractor's compliance with the FLSA, Defendants shall
14  obtain and review copies of the monitoring reports from the material contractors.
15  Defendants shall conduct this review as frequently as necessary to confirm the material
16  contractor's compliance with the FLSA, maintain copies of the documents reviewed for
17  two years and provide copies to representatives of the Secretary of Labor upon their
18  request. Defendants are required to assure themselves that the material contractor's
19  monitor is maintaining the records as required by this Judgment. Defendants shall
20  produce these records to representatives of the Secretary of Labor upon their request;

21     12.    Defendants shall require all contractors with whom it does business, who
22  are subject to the garment registration requirements of the State of California, to
23  maintain a valid garment registration. Defendants shall not do business with any garment
24  contractor without a valid registration;

25     13.    Defendants shall maintain for a period of three years copies of all cost
26  sheets and other production records related to their contractors and supply copies of
27  these records to representatives of the Secretary of Labor upon their request;

28

CONSENT JUDGMENT

1    14.    Defendants shall supply all of their contractors with copies of the attached
2    Exhibit A regarding overtime calculations and Exhibit B, which summarizes terms of
3    this Judgment and the employees' rights under the FLSA. The English, Spanish, and
4    Korean versions are attached. Defendants shall direct that their  contractors distribute a
5    copy of Exhibits A and B to each of their current employees within 30 days of entry of
6    this Judgment, in the employees' native languages, provide copies to all new hires, and
7    post a copy at each of their contractor's establishments;

8    15.    Defendants shall provide all manufacturers for which they produce goods
9    with a copy of this Consent Judgment.

10    16.    Defendants shall advise the Wage and Hour Division within 30 days of any
11    change in corporate status or name change; and it is further

12    ORDERED that each party shall bear its own fees and other expenses incurred by
13    such party in connection with any stage of this proceeding, including but not limited to
14    attorneys' fees, which may be available under the Equal Access to Justice Act, as
15    amended, to the date of entry of the Judgment herein; and, it is further

16    ORDERED that this Court retains jurisdiction of this action for purposes of
17    enforcing compliance with the terms of this Consent Judgment.

18
19    Dated:  4/4/2022
20
21                                    Hon.  Jinsook Ohta
                                     UNITED STATES DISTRICT JUDGE
22
23
24
25
26
27
28

CONSENT JUDGMENT

9

1

2   For the Plaintiff:
    MARC A. PILOTIN
3   Regional Solicitor

4

5    *Boris Orlov*

6   BORIS ORLOV                              DATE:   2/25/2022
    Counsel for Wage and Hour
7   Litigation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT JUDGMENT

For Defendants:

The Defendants hereby appear and consent to the entry of this Judgment and waive notice by the Clerk of Court.

Colmol, Inc., dba King Graphics

BY: SEAN P. MUNDY
Managing Agent

DATE: 2·22·22

SEAN P. MUNDY
Individually

DATE: 2·22·22

Approved as to Form
Browning Hocker

William K, Browning
Attorneys for Defendants

DATE: 2/23/22

CONSENT JUDGMENT

11

# Exhibit A

Computing minimum wage and overtime on piecework:

**Example 1:**

Employee A produced $200 in piecework and worked 40 hours

$200 / 40 hours = $5.00 per hour

Difference = $8.00 (Calif. Minimum Wage) - $5.00 = $3.00 per hour (underpaid)

*$3.00 per hour x 40 hours = $120.00 minimum wage due*

---

Employee B produced $425.00 in piecework and worked 50 hours

$425 / 50 hours = $8.50 per hour

$8.50 per hour x 0.5 (half time) = $4.25 per hour due for OT hours

*$4.25 x 10 hours = $42.50 in overtime premium due*

---

Employee C produced $365.00 in piecework and worked 50 hours

$365 / 50 hours = $7.30 per hour

Difference in Reg. Rate = $8.00 (State minimum wage) - $7.30 = $.70 per hour

$.70 x 50 hours = $35.00 in regular rate due

$8.00 x 0.5 (half time) x 10 hours of OT = $40.00 in overtime premium due

**Total Due: $35.00 in regular rate and $40.00 in overtime premium - $75.00**

CONSENT JUDGMENT

# Exhibit A
## (Spanish)

**Como computar el sueldo mínimo y el tiempo y medio (overtime) para los trabajadores que ganan por pieza:**

**Ejemplo No. 1:**

El empleado A hizo $200.00 en trabajo de piezas y trabajo 40 horas.
- $200.00 / 40 horas = $5.00 por hora
- La diferencia es: $8.00 (sueldo mínimo por hora en California) - $5.00 = $3.00 por hora. $3.00 por hora es lo que se le debe a esta persona.
- **Total: $3.00 por hora x 40 horas = $120.00 que se le debe al empleado por sueldo mínimo.**

---

**Ejemplo No. 2:**

El empleado B hizo $425.00 en trabajo de piezas y trabajo 50 horas.
- $425.00 / 50 horas = $8.50 por hora
- $8.50 por hora **x** 0.5 (la mitad) = $4.25 que se debe por hora por cada hora de tiempo extra (overtime).
- **Total: $4.25 por hora x 10 horas = $42.50 que se le debe al empleado por tiempo extra (overtime).**

---

**Ejemplo No. 3:**

El empleado C hizo $365.00 en trabajo de piezas y trabajo 50 horas.
- $365.00 / 50 horas = $7.30 por hora
- La diferencia en Salario Regular es: $8.00 (sueldo mínimo por hora en California) - $7.30 = $0.70 que se le debe al empleado por cada hora $0.70 x 50 horas =$35.00 es lo que se debe en Salario Regular.
- $8.00 por hora **x** 0.5 (la mitad) **x** 10 horas extras (overtime) = $40.00 que se le debe al empleado por tiempo extra (overtime).
- **Total: $35.00 en Salario Regular y $40.00 por tiempo extra (overtime) = $75.00.**

CONSENT JUDGMENT

13

## Exhibit A
(Korean)

작업량에 따라 최소임금과 오버타임을 계산하는 방법은 다음과 같습니다.

예시1:

직원A는 40시간을 일하여 $ 200 만큼의 작업량을 달성했습니다.

$ 200 을 40시간으로 나누면, 200 / 40 = 시간당 $ 5이 됩니다.

$ 8 (캘리포니아 주 시간당 최소임금) - $ 5 = 시간당 $3 만큼 임금을 받지 못한 것입니다.

따라서 시간당 임금차이 **$ 3 x 40** 시간 = **$ 120** 의 미지불임금을 받을 수 있습니다.

예시 2:

직원 B는 50시간을 일하여 $ 425 만큼의 작업량을 달성했습니다.

$ 425 을 50시간으로 나누면 425/50 = 시간당 $ 8.50 이 됩니다.

초과수당 시급은 시간당 $ 8.50 x 0.5 (해프타임) = 시간당 $ 4.25 입니다.

따라서 오버타임 임금으로 **$ 4.25 x 10** 시간 = **$ 42.50** 을 지급 받을 수 있습니다.

예시 3:

직원 C는 50시간을 일하여 $ 365 만큼의 작업량을 달성했습니다.

$ 365 을 50시간으로 나누면 365 / 50 = 시간당 $ 7.30 이 됩니다.

정규 시급 차이는 $ 8 (캘리포니아 주 시간당 최소임금) - $ 7.30 = 시간당 $ 0.70 입니다.

$ 0.70 x 50 시간 = $ 35 의 정규 임금이 더 지불되어야 합니다.

$ 8.00 x 0.5 (해프타임) x 오버타임 10시간 = $ 40 의 오버타임 임금이 지불되어야 합니다 .

따라서 **$ 35**의 정규 임금과 **$ 40**의 오버타임 임금을 합쳐 총액 **$ 75**의 미지불임금을

받을 수 있습니다.

CONSENT JUDGMENT

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Exhibit B**

### **LEGAL NOTICE TO ALL EMPLOYEES**

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked. In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to an overtime premium when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, Colmol, Inc,. dba King Graphics agreed to compensate its employees in accordance with the Fair Labor Standards Act, and the **United States District Court** entered an Order forbidding **Colmol, Inc., dba King Graphics** a garment manufacturer, from shipping goods for its label on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**.

All employees who work in this establishment should report violations of minimum wage and overtime to the U.S. Department of Labor, Wage and Hour Division, at (619) 557-5110. Your name will not be disclosed.

CONSENT JUDGMENT

# Exhibit B
(Spanish)

## NOTICIA LEGAL A TODOS LOS EMPLEADOS

La Ley de **Norma Justas de Trabajo** determina que se les debe pagar a todos los empleados el sueldo mínimo por todas las horas que ellos trabajen. A la vez, también estipula que cada empleado que trabaje sobre tiempo, más de 40 horas en una semana laboral, se les deberá pagar a tiempo y medio de lo que ganen por cada hora de sobre tiempo trabajada. Todos los empleados, independientemente de que se les pague por horao por pieza, tienen derecho a que se les pague prima sobre tiempo cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el Departamento Del Trabajo, la corte del Distrito de los Estados Unidos expidió una orden que prohíbe a **Colmol, Inc., dba King Graphics**, una fábrica de ropa, de enviar la producción de etiquetas a sus distribuidores si en la fabricación de dichos productos no se les pago a los empleados el sueldo mínimo o el
sobre tiempo requerido por la **Ley de Norma Justas de Trabajo**.

Si usted piensa que no se le pago de acuerdo a lo que la ley indica, por favor llama al Departamento del Trabajo de los Estados Unidos, División de Horas y Salarios al (619) 557-5110. Su nombre se mantendrá confidencial.

CONSENT JUDGMENT

16

## Exhibit B
(Korean)
모든 직원에게 법적 공지문

미연방의 공정 근로 기준법은 모든 직원들이 노동 시간에 따라 최소 임금을 받을 수있도록 규정하고 있습니다.

그리고 또한, 일주일에 40 시간 이상 근무하였을때 초과 시간에 1.5 배의 오버타임 (초과 근무 수당) 임금을 지급하게 규정하고 있습니다.

모든 직원은 40 시간 초과 근무했을 때, 시간제 임금을 받거나 생산 성과에 따라 임금을 받는것에 상관없이 초과 근무 수당을 지급받을 수 있습니다.

노동청이 제소한 소송을 해결하기 위해 미 연방 지역 법원은 공정 근로 기준법에 의해 의무화된 최소 임금이나 초과 근무 수당을 직원에게 지불하지 않은 물품을 의류 제조 업체인 **Colmol, Inc., dba King Graphics.** 가 발송하지 못하게 명령하였습니다.

아니면, 미연방 노동청, 임금과 시간 부처로 (619) 557-5110 전화 하십시요.

당신의 이름은 비밀로 보장됩니다.

CONSENT JUDGMENT

# Exhibit C

| Employee Name | Period Covered | Back Wages | LDs | Total |
|---|---|---|---|---|
| Norma A Garcia Alvarez | 09/22/2018 - 09/11/2021 | $1,275.42 | $1,275.42 | $2,550.84 |
| Rufina Correa Alvarez | 09/22/2018 - 03/23/2019 | $1,098.23 | $1,098.23 | $2,196.46 |
| Adolfo Avina | 01/18/2020 - 09/04/2021 | $301.84 | $301.84 | $603.68 |
| Irene Basilio | 09/22/2018 - 03/23/2019 | $1,047.34 | $1,047.34 | $2,094.68 |
| Yaritza Borboa-Abril | 08/03/2019 - 08/28/2021 | $2,882.92 | $2,882.92 | $5,765.84 |
| David Bravo | 03/16/2019 - 09/04/2021 | $1,639.38 | $1,639.38 | $3,278.76 |
| Sierra Brimmer | 08/15/2020 - 08/15/2020 | $132.00 | $132.00 | $264.00 |
| Hilda Bustos | 10/20/2018 - 09/04/2021 | $1,937.89 | $1,937.89 | $3,875.78 |
| Brenda G Cano | 09/22/2018 - 08/14/2021 | $1,135.28 | $1,135.28 | $2,270.56 |
| Alan R Carrillo | 09/28/2019 - 07/17/2021 | $161.99 | $161.99 | $323.98 |
| Ernesto Castillo | 06/13/2020 - 07/31/2021 | $381.58 | $381.58 | $763.16 |
| Miguel A Castillo | 02/02/2019 - 02/02/2019 | $72.00 | $72.00 | $144.00 |
| Ana Ruth Chavez | 09/22/2018 - 08/28/2021 | $4,337.91 | $4,337.91 | $8,675.82 |
| Carmen Chirrinos | 02/02/2019 - 09/04/2021 | $1,389.60 | $1,389.60 | $2,779.20 |
| Daisy Chirrinos | 08/14/2021 - 09/11/2021 | $65.67 | $65.67 | $131.34 |
| Kyle Creagan | 02/22/2020 - 02/22/2020 | $72.00 | $72.00 | $144.00 |
| Marcela Uroza De La Cruz | 02/23/2019 - 09/11/2021 | $523.74 | $523.74 | $1,047.48 |
| Rubi De La Cruz | 10/06/2018 - 09/11/2021 | $6,955.26 | $6,955.26 | $13,910.52 |

CONSENT JUDGMENT

| Mercedes Molina Diaz | 10/27/2018 - 03/23/2019 | $561.55 | $561.55 | $1,123.10 |
|---|---|---|---|---|
| Mayra Dominguez | 02/23/2019 - 09/11/2021 | $2,842.26 | $2,842.26 | $5,684.52 |
| Ramon A Elenes | 09/22/2018 - 09/04/2021 | $1,299.90 | $1,299.90 | $2,599.80 |
| Alma Espinoza | 09/22/2018 - 09/04/2021 | $9,460.44 | $9,460.44 | $18,920.88 |
| Antonio Espinoza | 09/22/2018 - 03/23/2019 | $2,167.25 | $2,167.25 | $4,334.50 |
| Ceilo Espinoza | 06/08/2019 - 09/04/2021 | $6,693.70 | $6,693.70 | $13,387.40 |
| Miguel A Espinoza | 03/16/2019 - 07/20/2019 | $35.60 | $35.60 | $71.20 |
| Roberto Espinoza | 04/03/2021 - 09/04/2021 | $457.20 | $457.20 | $914.40 |
| Rosa Santillan Flores | 09/22/2018 - 03/23/2019 | $949.53 | $949.53 | $1,899.06 |
| Alexis Garcia | 07/20/2019 - 11/02/2019 | $76.72 | $76.72 | $153.44 |
| Norma Green | 09/22/2018 - 03/16/2019 | $628.77 | $628.77 | $1,257.54 |
| Aurora Guerrero | 09/22/2018 - 03/16/2019 | $952.08 | $952.08 | $1,904.16 |
| Antonio Ramirez Hernandez | 09/22/2018 - 03/16/2019 | $342.92 | $342.92 | $685.84 |
| Arturo Hernandez | 09/29/2018 - 03/16/2019 | $393.36 | $393.36 | $786.72 |
| Diana Hernandez | 02/02/2019 - 08/28/2021 | $1,147.40 | $1,147.40 | $2,294.80 |
| Elena Hernandez | 02/23/2019 - 09/04/2021 | $136.07 | $136.07 | $272.14 |
| Iran Herrera | 07/25/2020 - 09/11/2021 | $3,913.81 | $3,913.81 | $7,827.62 |
| Luis Ibarra | 02/23/2019 - 03/09/2019 | $24.75 | $24.75 | $49.50 |
| Jesus Jimenez | 09/22/2018 - 09/04/2021 | $1,852.66 | $1,852.66 | $3,705.32 |
| Christian Garcia Juarez | 06/06/2020 - 08/21/2021 | $147.61 | $147.61 | $295.22 |
| Tony Khounborin | 09/22/2018 - 09/04/2021 | $2,155.00 | $2,155.00 | $4,310.00 |
| Dora Luz Laina | 09/22/2018 - 09/11/2021 | $6,196.53 | $6,196.53 | $12,393.06 |
| Joe Lopez | 02/27/2021 - 09/11/2021 | $112.40 | $112.40 | $224.80 |

CONSENT JUDGMENT

| | | | | |
|---|---|---|---|---|
| Cristina Lorenzano | 10/13/2018 - 03/23/2019 | $600.52 | $600.52 | $1,201.04 |
| Rogelio Luna | 02/23/2019 - 12/19/2020 | $437.84 | $437.84 | $875.68 |
| Eric Martinez | 02/02/2019 - 02/23/2019 | $270.75 | $270.75 | $541.50 |
| Maria Del Carmen Olvera Martinez | 07/31/2021 - 08/14/2021 | $58.85 | $58.85 | $117.70 |
| Angel Martinez-Guerrero | 09/22/2018 - 09/11/2021 | $4,180.16 | $4,180.16 | $8,360.32 |
| Cole R Mears | 10/05/2019 - 06/19/2021 | $542.41 | $542.41 | $1,084.82 |
| Hilda Monserrat Mejia | 02/02/2019 - 09/11/2021 | $3,635.98 | $3,635.98 | $7,271.96 |
| Claudia Olvera | 09/22/2018 - 09/11/2021 | $3,833.45 | $3,833.45 | $7,666.90 |
| Daniel Pacheco | 02/09/2019 - 11/07/2020 | $398.51 | $398.51 | $797.02 |
| Elena Paniagua | 05/18/2019 - 05/15/2021 | $107.50 | $107.50 | $215.00 |
| Pedro Paniagua-Torres | 02/23/2019 - 09/11/2021 | $5,527.85 | $5,527.85 | $11,055.70 |
| Laura L Perez | 01/26/2019 - 03/23/2019 | $440.48 | $440.48 | $880.96 |
| Angelica Ramirez | 02/06/2021 - 09/11/2021 | $1,272.15 | $1,272.15 | $2,544.30 |
| Dolores Ramirez | 09/22/2018 - 03/06/2021 | $3,799.90 | $3,799.90 | $7,599.80 |
| Blanca A Ramos | 09/22/2018 - 01/30/2021 | $5,820.55 | $5,820.55 | $11,641.10 |
| Roselia Regalado | 10/06/2018 - 03/23/2019 | $729.10 | $729.10 | $1,458.20 |
| Teodora Regalado | 09/29/2018 - 03/23/2019 | $1,435.35 | $1,435.35 | $2,870.70 |
| Rodolfo Rivera | 12/26/2020 - 09/11/2021 | $1,291.48 | $1,291.48 | $2,582.96 |
| Brenda Rodriguez | 10/24/2020 - 10/24/2020 | $78.50 | $78.50 | $157.00 |
| Carlos D Rodriguez | 02/15/2020 - 02/29/2020 | $249.75 | $249.75 | $499.50 |
| Maria Rodriguez | 09/22/2018 - 09/04/2021 | $4,371.64 | $4,371.64 | $8,743.28 |
| Martin Rodriguez | 09/22/2018 - 09/11/2021 | $2,562.02 | $2,562.02 | $5,124.04 |

CONSENT JUDGMENT

| | | | | |
|---|---|---|---|---|
| Roman Rodriguez | 04/17/2021 - 09/11/2021 | $565.62 | $565.62 | $1,131.24 |
| Stephanie Rodriguez | 10/27/2018 - 09/04/2021 | $1,898.60 | $1,898.60 | $3,797.20 |
| Carlos Salido | 10/12/2019 - 02/01/2020 | $327.36 | $327.36 | $654.72 |
| Guadalupe Sanchez | 09/22/2018 - 09/11/2021 | $5,883.18 | $5,883.18 | $11,766.36 |
| Lourdes Sombrerero-Vargas | 12/08/2018 - 03/16/2019 | $658.23 | $658.23 | $1,316.46 |
| Ashley M Summerford | 02/23/2019 - 03/16/2019 | $668.19 | $668.19 | $1,336.38 |
| Candido Torres | 09/22/2018 - 09/04/2021 | $2,373.55 | $2,373.55 | $4,747.10 |
| Maria E Paniagua Torres | 02/23/2019 - 09/04/2021 | $676.30 | $676.30 | $1,352.60 |
| Guillermo Uriarte | 06/13/2020 - 09/11/2021 | $993.80 | $993.80 | $1,987.60 |
| Julian Vallejo | 09/22/2018 - 09/04/2021 | $1,390.94 | $1,390.94 | $2,781.88 |
| Marco Vargas | 09/22/2018 - 09/04/2021 | $6,193.35 | $6,193.35 | $12,386.70 |
| Lourdes Verduzco | 09/22/2018 - 09/11/2021 | $2,858.70 | $2,858.70 | $5,717.40 |
| Fernando Zamudio | 12/28/2019 - 08/14/2021 | $867.81 | $867.81 | $1,735.62 |
| Total | | $134,957.93 | $134,957.93 | $269,915.86 |

CONSENT JUDGMENT